IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| ANGELA CHANDLER, )<br>) No. 8:13-cv-01331-DCN<br>Claimant, )<br>)<br>vs. )<br>) **ORDER**<br>CAROLYN W. COLVIN, *Acting* )<br>*Commissioner of Social Security*, )<br>)<br>Respondent. )<br>) | |

This matter is before the court on United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("R&R") that the court affirm the Acting Commissioner of Social Security Carolyn W. Colvin's decision denying claimant Angela Chandler's ("Chandler") application for supplemental security income ("SSI"). Chandler has filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Chandler filed an application for SSI on January 6, 2011, alleging that she had been disabled since August 1, 2002. The Social Security Administration ("the Agency") denied Chandler's application both initially and on reconsideration. Chandler requested a hearing before an administrative law judge ("ALJ") and ALJ Augustus C. Martin presided over a hearing held on January 20, 2012. In a decision issued on February 14, 2012, the ALJ determined that Chandler was not disabled. This decision became the final

1

decision of the Commissioner when the Appeals Council denied further review on March 20, 2103.

Chandler filed this action for judicial review on May 15, 2013. On October 23, 2013, she filed a brief requesting that the Commissioner's decision be reversed and the case remanded to the Agency for further administrative proceedings. On December 4, 2013, the Commissioner filed a brief contending that her decision should be upheld. On August 4, 2014, the magistrate judge issued the R&R, recommending that the Commissioner's decision be affirmed. Chandler objected to the R&R on August 19, 2014, and the Commissioner responded to Chandler's objections on August 28, 2014. This matter has been fully briefed and is now ripe for the court's review.

### B. Chandler's Medical History

Because the parties are familiar with Chandler's medical history, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Chandler was born on March 5, 1959, and was forty-three years old on her alleged disability onset date. She has an eighth grade education, and past relevant work experience as a housekeeper and restaurant worker.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20

C.F.R. §§ 404.1520, 416.920.  Under this process, the ALJ must determine whether the claimant:  (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both her remaining physical and mental capacities (defined by her residual functional capacity) and her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  The claimant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

     To determine whether Chandler was disabled from August 1, 2002 through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process.  At step one, the ALJ found that Chandler did not engage in substantial gainful activity during the period at issue.  Tr. 14.  At step two, the ALJ found that Chandler suffered from the following severe impairments:  major depressive disorder and post-traumatic stress disorder.  Id.  At step three, the ALJ found that Chandler's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments.  Tr. 15.  Before reaching the fourth step, the ALJ determined that Chandler retained the residual functional capacity ("RFC")

>to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can perform only simple, routine and repetitive tasks. Additionally, she is limited to a job that does not require working in close proximity to or close coordination with co-workers and does not require continuous interaction with the public. The claimant also requires a low-stress work environment, meaning no production quotas and minimal decision making.

Tr. 17. At step four, the ALJ found that Chandler had no past relevant work, as that term is defined in the regulations. Tr. 20. Finally, at the fifth step, the ALJ found that Chandler could perform jobs existing in significant numbers in the national economy and concluded, therefore, that she was not disabled during the period at issue. Id.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of

the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III.   DISCUSSION

Chandler's objects to the R&R on three grounds, arguing the magistrate judge erred in:  (1) finding that the ALJ properly evaluated the vocational expert's ("VE") testimony; (2) finding that the ALJ properly considered her past attempts to work; and (3) finding that the ALJ considered her impairments in combination.

The court considers each of these objections in turn.

#### A.     Vocational Expert's Testimony

Chandler first contends that the ALJ erred in finding that the VE "had first-hand and professional knowledge with respect to the occupations she identified and the limitations regarding low stress requirements set out in the ALJ's hypothetical question and RFC determination when [there is nothing in the record] to support such a finding." Pl.'s Objections 2.

Chandler's objection is futile.  The ALJ was justified in relying on the VE's first-hand and professional knowledge.  See Pierpaoli v. Astrue, No. 4:10-cv-2401, 2012 WL 265023, at *4 (D.S.C. Jan. 30, 2012) ("Even assuming there was a conflict between the VE and the DOT, the ALJ may rely on the VE's professional experience to resolve a conflict."); Thornsberry v. Astrue, No. 4:08-cv-4075, 2010 WL 146483, at *17 (D.S.C. Jan. 12, 2010) ("The ALJ's characterization of the VE's testimony as being based on his professional knowledge or personal observations as a vocational expert is an accurate and reasonable explanation as required by SSR 00–4p.").  Moreover, Chandler had ample opportunity to question the VE's qualifications at the hearing and failed to do so.  See

Davis v. Colvin, No. 8:11-cv-3091, 2013 WL 709022, at *6 (D.S.C. Feb. 26, 2013) (finding that an objection to the R&R under SSR 00-4p was improper where there was a lack of "subsequent inquiry by plaintiff or her attorney at the hearing" on an issue arising under this regulation); Becker v. Astrue, 2011 WL 5979786 at *4 (W.D. Va. Nov. 29, 2011) (finding the plaintiff was precluded from raising an alleged discrepancy between VE testimony and the D.O.T. where counsel did not note or otherwise raise it during the hearing); Mosteller v. Astrue, 2010 WL 5317335, at *4-5 (W.D.N.C. July 26, 2010) (noting that claimant's argument under SSR 00-4p may be waived by failure to raise issue at the ALJ hearing).

Chandler's first objection fails.

### B.     Prior Failed Work Experiences

Chandler next contends that the magistrate judge erred in finding that the ALJ properly considered her past work.  Pl.'s Objections 2.  Chandler argues the ALJ failed to discuss her multiple unsuccessful attempts to engage in gainful employment, thereby making it impossible to determine whether the ALJ actually considered her work history. Id.

When an ALJ determines that an individual cannot return to his or her past relevant work, the ALJ must then determine whether the individual can make an adjustment to other work that exists in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a), 416.960(c).  In so doing, the ALJ will consider the individual's RFC and the "vocational factors of age, education, and work experience."  20 C.F.R. § 416.960(c)(1).

Contrary to Chandler's assertions, the ALJ expressly considered Chandler's prior failed work experiences in his findings. See Tr. 15, 17, 20, 21. The ALJ found that Chandler's past work was sufficiently limited that it did not constitute past relevant work as defined by the regulations. Tr. 20. In evaluating the severity of Chandler's mental impairments, the ALJ noted that "she has previously been fired from a job due to her difficulty in getting along with others and that she sometimes experiences the urge to fight others over insignificant matters." Tr. 15. When assessing Chandler's RFC, the ALJ again noted that "she has previously been fired from a job secondary to her difficulty getting along with others." Tr. 17. Furthermore, the ALJ twice explains in his decision that he considered Chandler's work experience in finding that she could make an adjustment to other work. Tr. 20, 21. The court can find no error in the ALJ's treatment of Chandler's past work.

Chandler's second objection fails.

### C.     Combination of Impairments

Chandler's final objection is not a model of clarity, but she appears to assert that the magistrate judge erred in finding that the ALJ's RFC analysis adequately considered her impairments in combination. Pl.'s Objections 2.

Federal law states that:

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 423(B); see also 20 C.F.R. § 404.1523 ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if

considered separately, would be of sufficient severity."). As the Fourth Circuit has explained, "a failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award." Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). "As a corollary, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Id. at 50. This explanation must include more than a "generic declaration that '[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.'" Brown v. Astrue, No. 11-cv-3245, 2013 WL 642189, at *10 (D.S.C. Jan. 31, 2013), adopted by 2013 WL 645958 (D.S.C. Feb. 21, 2013); see also Locke v. Colvin, No. 6:12-cv-2751, 2014 WL 897342 (D.S.C. March 6, 2014).

Here, the ALJ explicitly discussed Chandler's impairments in combination when determining her RFC. Tr. 16. In evaluating Chandler's ability to work, the ALJ stated he "considered the combined effects of the claimant's alleged impairments, both severe and non-severe." Id. The ALJ explained:

> While the combination of the claimant's impairments imposes some limitations, there is no indication in the record that the claimant's ability to sustain consistent function has been complicated by the combination of these impairments or that the combination of the claimant's impairments imposes greater limitations than those inherent in the residual functional capacity stated below.

Id. While this discussion is not overly detailed, it provides more analysis than the conclusory statements found wanting in Brown and Locke. The ALJ adequately considered Chandler's impairments in combination.

Chandler's third objection fails.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's report & recommendation, ECF No. 19, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

                                            **DAVID C. NORTON**
                                            **UNITED STATES DISTRICT JUDGE**

**September 26, 2014**
**Charleston, South Carolina**